UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, not in its individual capacity, but solely as DELAWARE TRUSTEE OF GS MORTGAGE-BASED SECURITIES TRUST 2023-CCM1,<br>Plaintiff,<br>-against-<br>KEITH ACKERSON, et al.,<br>Defendants. | 25-CV-9893 (JGLC)<br><br>**ORDER OF DISMISSAL** |

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff U.S. Bank Trust National Association, not in its individual capacity but solely as Delaware Trustee of GS Mortgage-Backed Securities Trust 2023-CCM1 ("U.S. Bank") filed this action on November 26, 2025. ECF No. 1. On January 28, 2026, Plaintiff filed its First Amended Complaint. ECF No. 12. Plaintiff re-filed its First Amended Complaint on February 25, 2026. ECF No. 16.

On April 29, 2026, the Court ordered Plaintiff to show, by May 6, 2026, "good cause as to why Plaintiff has failed to serve the summons and Complaint within the 90 days prescribed by Rule 4(m) of the Federal Rules of Civil Procedure, or, if Plaintiff believes that Defendants have been served, when and in what manner such service was made." ECF No. 21. The Court informed Plaintiff that if it did not respond to its April 29 Show Cause Order, the Court would dismiss this action.

Subsequently, on May 7, 2026, one day after the Court's deadline, Plaintiff filed a status letter, informing the Court that service had not been completed on all Defendants. ECF No. 22. The Court subsequently extended Plaintiff's deadline to serve all Defendants. ECF No. 23. On May 14, 2026, Plaintiff filed affidavits of service as to all Defendants. ECF Nos. 24–27.

However, on July 15, 2026, in light of the fact that Defendants had not answered or otherwise made an appearance in the action, the Court ordered Plaintiff to file a motion for default judgment by July 29, 2026. ECF No. 29. The Court warned Plaintiff that "[f]ailure to timely file a motion for default judgment may result in dismissal for failure to prosecute." *Id.*

On July 29, 2026, the date of Plaintiff's deadline to file a motion for default judgment, Plaintiff filed a status requesting an extension of that deadline. ECF No. 31. The Court granted the extension, but noted that Plaintiff's request did not comply with the Court's Individual Rules. ECF No. 32. The Court ordered Plaintiff to file its motion for default judgment by August 28, 2026. *Id.* However, that deadline passed without Plaintiff filing its motion for default judgment, or anything upon the docket.

Therefore, on September 2, 2026, the Court ordered Plaintiff to, by September 11, 2026, show "good cause as to why Plaintiff has failed to prosecute this case or otherwise comply with the Court's orders." ECF No. 33. The Court warned Plaintiff that if it did "not receive any communication from Plaintiff by September 11, 2026," that it "may dismiss the case pursuant to Federal Rule of Civil Procedure 41(b)." *Id.*

To date, Plaintiff has not filed any response to the Court's September 2 Show Cause Order, nor any indication that Plaintiff intends to pursue this action.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b); *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Under Rule 41(b), a district court may dismiss an action *sua sponte* for failure to prosecute after notifying the plaintiff. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). A district court considering dismissal under Rule 41(b) must weigh five factors: (1)

the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216. No single factor is generally dispositive. *Id*

Here, the factors weigh in favor of dismissal. First, two months have passed since the deadline for Plaintiff to show cause, but Plaintiff has failed to do so or make any response to the Court's September 2 Show Cause Order. Furthermore, Plaintiff has defied Court orders and the Court's Individual Rules repeatedly in this action. *See* ECF Nos. 21, 23, 32. Second, Plaintiff was clearly on notice that failure to comply with the Court's order may result in dismissal. *See* ECF No. 33. Third, although Defendants have also not appeared in this action, Plaintiff's stalling of this litigation is inherently prejudicial, such that this factor is either neutral or weighs in favor of dismissal. Fourth, the Court already attempted to balance Plaintiff's opportunity to be heard with the management of its docket by first providing an opportunity for Plaintiff to explain its delay in filing its motion. Finally, no lesser sanction is appropriate other than dismissal, considering the early stage of this litigation and Plaintiff's repeated failure to prosecute. Accordingly, the balance of factors weighs in favor of dismissal of this action.

Based on the foregoing, IT IS HEREBY ORDERED that this action is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

Dated: November 16, 2026
White Plains, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge